JOHN S. POWERS v. JAMES C. CALDWELL AND ANOTHER.

The plea in this case, setting up a failure of consideration and fraud, though insufficient if tested by a special demurrer, was not a nullity, and constituted a good plea on general demurrer; and no exceptions having been taken to it, in the pleadings, it was erroneous to reject testimony offered on the trial in its support.

This court is not inclined to favor the practice of testing the sufficiency of the answer by objections raised to testimony in support of it; and to sanction which, the plea under which evidence is offered must be clearly bad on general demurrer.

ERROR from Lamar. Tried below before the Hon. W. S. Todd.

Suit by Caldwell against Powers and Hathaway on a note for three hundred and eighty dollars and twenty-one cents, as the purchase money of a tract of land sold by the plaintiff as administrator, at auction, and bid off by the defendants.

The defendants pleaded a failure of consideration, and fraud in the sale; alleging that the price agreed upon was a full and sound price, that the plaintiff with intent to deceive the purchasers, and knowing that the estate represented by him had no title to the land, represented that the title was good and without defect; whereas the plaintiff's intestate had no title to the land, and the same was in fact public land lying within the reservation of the Memphis, El Paso and Pacific Railroad Company, and in no wise severed from the public domain. Defendants tendered in said plea to pay the money in court when the plaintiff should produce a good and sufficient title, and prayed, in that case, that plaintiff be compelled to convey said land to them in compliance with the contract. The defendant Powers prayed for judgment for three hundred and fifty dollars as damages, the value of improvements by him made since and in consequence of said sale.

There was no demurrer, general or special, to the answer. On the trial the note having been read in evidence, the defendants offered to prove the several facts alleged by the answer, and on objections made by the plaintiff, the evidence was rejected, the

Powers v. Caldwell.

answer and amended answer treated as null, and the jury charged by the court to disregard the answer in their consideration of the case. Verdict and judgment for the plaintiff for principal and interest of the note.

*W. B. Wright*, for plaintiff in error.

*J. A. Murray*, for defendant in error.

BELL, J.—We are of opinion that the court below erred in refusing to permit the defendant Powers to introduce any evidence in support of his answer and amended answer. The answers would have been held insufficient upon special demurrer, because they do not allege with sufficient particularity what declarations or representations were made by the administrator in reference to the title, at the time of the sale of the land; nor does the plea allege with the necessary certainty wherein the title to the land is defective. This was an executory contract, and the same rules do not apply to the defence of failure of title in cases where the contract is executory, as apply in cases of executed contracts. The allegations of the plea now before us are vague and somewhat indefinite, but it is alleged that the administrator represented the title to be good. It is also alleged that the administrator made false and fraudulent representations in respect to the title at the time of the sale, and that the defendant was deceived thereby. It is further alleged that the title is defective, or, rather, wholly bad, and there is an allegation that the land still forms a part of the public domain. We are of opinion that these allegations constitute a good plea upon general demurrer, and that the party ought not to have been refused the right to introduce evidence in support of his plea. If the plea had been excepted to, the defendant would have had an opportunity to have amended his plea in such manner as to have cured its defects; whereas, upon the ruling of the court sustaining an objection to the introduction of evidence in support of the plea, the defendant was cut off from the opportunity to amend. This practice is one which we are not inclined

23Y

to favor, and to sanction which, the plea under which evidence is offered must be clearly bad on general demurrer.

The judgment is reversed and the cause remanded for another trial.

Reversed and remanded.