## B. M. STEAGALL v. A. LEVY & CO.

(No. 5976.)

APPEAL from Tom Green County. Opinion by WHITE, P. J.

W. D. COCHRAN, counsel for appellant.

WALTON, HILL & WALTON, counsel for appellee.

§ 468. *Plea of failure of consideration held sufficient in substance; case stated.* Appellees sued appellant upon a promissory note for $534, executed by appellant to Halfin & Levy, and by the latter indorsed before maturity to appellees. Appellant filed a general denial, and pleaded specially that appellees were not real owners of said note; that the indorsement thereon was simulated and fictitious, and was fraudulently made for the purpose of preventing appellant from making certain legal and just defenses he had against said note, which would defeat a recovery thereon; and that appellees were not innocent purchasers of said note for a valuable consider-

ation.  Appellant then proceeded to allege a partial fail-
ure of consideration of said note; that he executed the
same to Halfin & Levy in consideration of a lease of five
thousand three hundred and forty acres of land for a
period of one year, and that said Halfin & Levy war-
ranted appellant the quiet and undisturbed possession of
said land, but that, before the termination of said lease,
said Halfin & Levy entered upon and ejected him from
said land and deprived him of the use thereof for a period
of eight months of said lease, claiming damages for such
breach of the lease, etc.  Appellee replied to said plea
with a general demurrer, and excepted to it specially
upon the ground that it set up a claim against the orig-
inal payees of said note, and that said claim for damages
was not a valid defense against said note in the hands of
appellees.  This exception was sustained by the court,
and judgment was rendered in favor of appellees for the
full amount of said note and costs.  *Held:* It was error
to sustain said special exception to said plea.  Said plea
was in substance good.  It set up a valid legal defense
against said note.  If the holder of a note has paid no
consideration for it, or holds it in trust for the real
owner, the maker is entitled to avail himself of any de-
fense against the note that would be a valid defense
were suit brought upon it by the real owner.  [Barnett
v. Logue, 29 Tex. 282; Frank v. Kaigler, 36 Tex. 306;
R. S. art. 272.]

§ **469.**  *Plea of failure of consideration must be sworn
to; when not sworn to, defect can only be reached by spe-
cial exception, etc.*  Appellee's plea of partial failure of
consideration was not verified by affidavit of defendant;
but it was not excepted to upon this ground.  It is re-
quired by statute that such a plea shall be verified by
affidavit.  [R. S. art. 1265, subd. 10.]  But the want of
such verification is a defect of form and not of substance,
and such defect cannot be reached by general demurrer,
but to be availed of must be specially excepted to upon
that ground.  [Williams v. Bailes, 9 Tex. 61; Drew v.

Harrison, 12 Tex. 279; Gaines v. Salmon, 16 Tex. 311; Powers v. Caldwell, 25 Tex. 352.]

April 17, 1889.                    Reversed and remanded.