### William Evans v. J. M. Jackson et al.

Decided January 6, 1906.

**1.—Assignments of Error—Practice—Rules 24, 25, 26 and 27 Enforced.**

Where appellant groups together a number of assignments raising as many distinct questions of law, involving the whole case and necessitating an examination of the entire record, the Appellate Court will not consider the questions so raised because in violation of the rules.

**2.—Plea of Limitation—Sufficiency.**

Where defendant's answer contained the following allegations: "For answer the defendants allege and show and would plead as a complete bar to plaintiff's recovery herein that, as appears from said petition of plaintiff, the last of said installments and the final maturity of all of said indebtedness fell on February 18, 1884; that more than four years have elapsed since the accrual of the cause of action on said assumption by defendant, and on said note or notes themselves, prior to the institution of this suit." Held, a sufficient plea of the statute of limitation.

### 3.—Repudiation by Vendee of Vendor's Title—Limitation.

Repudiation by the vendee of the vendor's title will set the statute of limitations in motion against the vendor's superior title: Facts considered, and held to support a vendee's plea of limitation.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Robt. G. Johnson,* for appellant.—Cited under third, fourth and fifth assignments of error and first proposition: Ellis v. Hannay, 64 S. W. Rep., 686; Johnson v. Lockhart, 40 S. W. Rep., 640; Clark v. Adams, 80 Texas, 675; Udell v. Peak, 70 Texas, 551; Hamblen v. Folts, 70 Texas, 137; Hannibal & St. J. R. R. Co. v. Miller, 21 S. W. Rep., 915; Lander v. Rounsaville, 12 Texas, 198; Satterwhite v. Rosser, 61 Texas, 172; Smith v. Lee, 82 Texas, 130; Peters v. Clements, 46 Texas, 122; Roosevelt v. Davis, 49 Texas, 472.

Under second proposition: Gardener v. Griffiths, 93 Texas, 358; McPherson v. Johnson, 69 Texas, 484; White v. Cole, 87 Texas, 500.

Under sixth assignment and third proposition: Texas Tram Lumber Co. v. Gwin, 52 S. W. Rep., 111-12; Tinsley v. Magnolia Park Co., 59 S. W. Rep., 629; Harris v. Catlin, 53 Texas, 8; Boone v. Miller, 73 Texas, 563; Satterwhite v. Rosser, 61 Texas, 172; New York & T. Land Co. v. Highland, 28 S. W. Rep., 206; Creswell Ranch Co. v. Waldstein, 28 S. W. Rep., 261.

Under fourth proposition: Boone v. Miller, 73 Texas, 563.

*Q. T. Moreland,* for appellee.—The court erred in excluding the evidence of B. F. Sprinkle to the effect that he informed Evans that he had bought the Huffman title and would claim the property under the Huffman deed.

The statute uses the expression "transaction with or statement by the intestate." A statement to the intestate is not a transaction with him, nor statement by him, within the meaning of the statute, and the court erred in not admitting the evidence. Hamilton v. Star, 27 S. W. Rep., 587; Mast v. Tibbles, 60 Texas, 305; Potter v. Wheat, 53 Texas, 408; Newton v. Newton, 14 S. W. Rep., 156; Wagner v. Isensee, 33 S. W. Rep., 155.

On the question of repudiation and limitation: Smith v. Pate et al., 45 S. W. Rep., 6; Cook v. Knott, 28 Texas, 89; Coddington v. Wells, 59 Texas, 49.

SPEER, Associate Justice.—This suit was filed by Sam Evans as plaintiff to recover from J. M. Jackson and B. F. Sprinkle upon a note for the sum of $225, dated October 30, 1883, executed by said Jackson, payable to said Evans, for a part of the purchase price of a lot in the city of Fort Worth, and secured by an express vendor's lien on such lot. The lot was conveyed by Jackson to defendant B. F. Sprinkle on February 16, 1884, who assumed the payment of the note. The petition sought a foreclosure of the vendor's lien. Sam Evans died pending the suit, and William Evans was properly substituted as plaintiff in the action, he being an heir of Sam Evans and the other heirs having assigned to him all their interest in the note and land securing the

same. The defendants pleaded the statute of four years limitation to the note sued on. Plaintiff then prayed for the recovery of the land, and the defendants pleaded the five and ten years statutes of limitations, stale demand and laches, improvements made by Sprinkle in good faith, estoppel of plaintiff to assert his title, and not guilty. There were other issues tendered by the pleadings, but in the view we take of the case they need not be here stated. The case was tried by the court without a jury and a judgment rendered in favor of the defendants, from which this appeal is prosecuted.

Appellant submits first the following assignment or group of assignments of error:

"Third, fourth, fifth and sixth assignments of error:

"3. The court erred in refusing to render judgment for plaintiff for the lot in controversy and in rendering judgment for defendant, because the undisputed facts are: (1) That Evans sold the lot to Jackson and reserved in his deed an express vendor's lien on the lot to secure the payment of unpaid purchase money; (2) that Sprinkle, in his purchase of the lot from Jackson expressly assumed the payment of the unpaid purchase money; (3) that said purchase money has never been paid; (4) that when sued herein for the unpaid purchase money and to foreclose the lien, defendants repudiated the debt, attempting to plead limitation against the note, and set up hostile title in themselves to the lot; (5) that plaintiff only disaffirmed the sale to defendants and set up his superior title to the lot when forced thereto by defendants said pleas, and (6) the statement of facts discloses no previous repudiation by defendants of plaintiff's or his ancestor's title to the lot of which they had knowledge, or of which they were put on notice.

"4. The court erred in sustaining defendants' plea of the five year statute of limitation to plaintiff's suit for the lot.

"5. The court erred in sustaining defendants' plea of the ten year statute of limitation to plaintiff's suit for the lot.

"6. The court erred in sustaining the defendants' plea of laches and stale demand, either against his (plaintiff's) money demand or his suit for the lot.

"These assignments are each a proposition and will be considered together.

"Additional propositions. 1. Limitation does not run in favor of a vendee against his vendor where an express lien is retained in the deed to secure unpaid purchase money and the purchase money is unpaid, until the vendee repudiates his vendor's title and the vendor has notice of the repudiation.

"2. If, after suit by a vendor to recover the unpaid purchase price stipulated in an executory contract of sale, the vendee repudiates his liability under the contract, as by pleading the statute of limitation to the debt, the right of the vendor to recover the land revives.

"3. The principles of stale demand and laches do not operate against plaintiff's legal title to the lot.

"4. Mere lapse of time does not create the presumption that plaintiff has parted with his legal title to the lot nor does it create an equitable title in defendants.

"5. The registration of the deed from Huffman to Sprinkle did not put Evans on notice of said deed.

"Statement. In 1883 Evans conveyed the lot to Jackson, who gave the notes sued on for a part of the purchase price, the deed reserving the express vendor's lien. The notes have never been paid. In 1884 Sprinkle bought the lot from Jackson and assumed the payment of the notes. Since that time Sprinkle's possession thus acquired has been continuous. Being sued on the notes and to foreclose the lien defendants plead the statute of limitations to the notes, or attempted to do so, and set up title to the lot in themselves superior to plaintiff's title. No act of repudiation of plaintiff's superior title by defendants brought to the notice of plaintiff or Sam Evans prior to said plea appears in the evidence. Plaintiff asserted his superior title when confronted with defendant's claim of absolute ownership and attempted plea of limitations. (See statement of facts proved.)"

Whether this be considered as a single assignment of error or as a group of assignments, clearly the same is in palpable violation of the rules for briefing cases and can not be considered by us. In cases submitted to the judge upon the law and facts, the assignments of error are to be governed by the same rules as in other cases (Rule 27), and the courts have uniformly held that an assignment raising two or more distinct questions of law is not that distinct specification of error contemplated by rules 24, 25 and 26. Treated as a single assignment, as we think it should be, this assignment raises at least four distinct questions of law, and is therefore multifarious. By it we are asked to reverse the court's judgment because of the undisputed facts, to consider his finding upon the plea of five years statute of limitations, to consider his finding upon the plea of the ten years statute of limitations, and finally to consider his finding on the plea of laches and stale demand. This involves the whole case and would require an examination of the entire record. See City of San Antonio v. Talerico, 10 Texas Ct. Rep., 530; Cammack v. Rogers, 7 Texas Ct. Rep., 211; Clarendon Land Co. v. McClelland Bros., 86 Texas, 187; King v. Battaglia, 12 Texas Ct. Rep., 62; Chicago, R. I. & T. Ry. Co. v. Cain, 12 Texas Ct. Rep., 4; Western U. Tel. Co. v. Waller, 12 Texas Ct. Rep., 14; Bell v. Bates, 10 Texas Ct. Rep., 625; Galveston, H. & S. A. Ry. Co. v. Fales, 8 Texas Ct. Rep., 629; Cochran v. Siegfried, 7 Texas Ct. Rep., 948; Houston & T. C. Ry. Co. v. DeBerry, 8 Texas Ct. Rep., 896; Wells v. Houston, 69 S. W. Rep., 183; Abernathy v. Southern Rock Island Plow Co., 62 S. W. Rep., 786; International & G. N. Ry. Co. v. True, 23 Texas Civ. App., 525, 57 S. W. Rep., 977; Wise County Nat. Bank v. C. D. Cates et al., No. 4598, this court. In case last cited, which was marked "Not to be reported," in which a writ of error was refused, we held the following assignment to be too general: "The court erred in sustaining the defendants' pleas of usury, because there was a fatal variance between the evidence offered to support the plea of usury; and second, because the case as pleaded was not proven." The proposition thereunder was "the defense of usury as pleaded by the defendants was not proven, and therefore the court should have found for the plaintiff." This assignment is probably more specific than either the fourth, fifth or sixth of the group under consideration.

The only remaining assignments are the first and second, which question the sufficiency of appellee's plea of the statute of limitations in bar of a recovery on the note. The point is that the plea no where specifically declares that the statute of limitations is invoked as a defense in the case. This contention, however, is untenable for the answer does allege, "for answer the defendants allege and show and would plead as a complete bar to plaintiff's recovery herein that, as appears from said petition of Sam Evans,. . . the last of. said installments and the final maturity of all of said indebtedness fell on February 18, 1884, . . . That more than four years have elapsed since the accrual of the cause of action on said assumption by defendant Sprinkle, and on said note or notes themselves, prior to the institution of this suit. . . ." This we take to be a sufficient plea of the statute even as against appellant's exception for insufficiency.

There is no error apparent of record for which the case should be reversed. Indeed, a consideration of the merits of the case would compel us to hold that the court's judgment finds sufficient support in the evidence upon both the issues of five and ten years limitations. While appellees entered under the deed from Sam Evans, they nevertheless subsequently purchased what they considered a superior title and placed the same on record, from which time the holding and possession, as the evidence indicates, have been under this deed. All taxes have been paid. More than ten years elapsed prior to the institution of this suit. There is evidence tending to show repudiation of the Evans title. The suit by Huffman against Evans and Sprinkle, the deed from Huffman to Sprinkle made pending that suit, and the long lapse of time thereafter before the institution of this suit, during all of which time no payments were made to Evans and none demanded, tend to show not only that Sprinkle repudiated the Evans title, but that Evans had notice thereof. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.