### T. J. BRYANT v. NORTHERN TEXAS TRACTION COMPANY.

#### Decided December 12, 1908.

**1.—Briefs—Grouping Assignments—Propositions.**

A brief which groups and treats together assignments asserting different propositions, presenting thereunder as a proposition only a general statement of the principle of law and failing to give in the statement the charges to which an objection is made, is not sufficient to require consideration.

**2.—Negligence—Charge—Street Railway.**

A requested instruction which made it the absolute duty of the conductor of a street car to see that no passenger was in the act of alighting when the car was started was erroneous.

**3.—Charge—Pleading—Evidence.**

A charge imposing upon a street car company the duty of stopping so as to afford a passenger an opportunity to alight was properly refused in the absence of allegations asserting negligence in that respect.

**4.—Negligence—Charge—Evidence.**

Where the only evidence supporting a recovery was that plaintiff, a passenger on a street car, was thrown therefrom by having his foot caught in a defective step, an instruction that, if plaintiff voluntarily stepped from the car and was not thrown therefrom and his foot did not become fastened in the step, the verdict should be for defendant was proper.

**5.—Requested Instructions.**

No error appears in the refusal of requested charges upon contributory negligence where that issue was properly covered by the charges given.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Bell & Milam,* for appellant.—Where the court instructs the jury in general terms, a party is entitled to have the law applied to the very facts constituting the cause of action or defense, provided he requests a correct special charge on the subject.     St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 489; Missouri, K. & T. Ry. Co. v. Mc-Glamory, 89 Texas, 635; Gulf, C. & S. F. Ry. Co. v. Butcher, 83 Texas, 316; Dallas Rapid Transit Co. v. Payne, 98 Texas, 211.

The question of the existence of contributory negligence is one of fact for the jury to determine under all the circumstances of the case under proper instructions, and is not a question of law.     The court can not properly instruct the jury that the failure to do certain things would of itself constitute contributory negligence, unless the acts of omission are made by law to constitute negligence ipso facto. Railroad Co. v. Ives, 144 U. S., 408, 417; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 351; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52; Dallas Rapid Transit Co. v. Payne, 98 Texas, 217.

The negligence of a carrier is not excused by the contributory negligence of a passenger if the servant of the carrier discovers the passenger's peril and fails or neglects to exercise proper caution to avoid the resulting injury.     Brown v. Sullivan, 71 Texas, 471; Hays v. Railroad Co., 70 Texas, 607; Richmond P. & P. Co. v. Allen, 43 S. E., 356.

*Capps, Cantey, Hanger & Short,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This was an action of damages for personal injuries received by appellant T. J. Bryant in an effort to alight from one of appellee's street cars in the city of Fort Worth. The appeal is from a judgment in favor of the defendant in the action.

There is an objection interposed to our considering any of appellant's assignments of error because of a violation of rule 29 for the Court of Civil Appeals, the objection being, first, that the assignments as presented in the brief are not numbered from the first to the last in their consecutive order, but are presented as follows: Third, sixth, seventh, eighth, tenth, ninth, fifth, eleventh and first; and, second, that numerous assignments presenting different subjects are erroneously grouped.     We are unable to ignore these objections, but are of opinion they should be sustained.     The assignments are clearly in violation of the rule invoked and in the present case actually work the very hardship intended to be avoided by the adoption of that rule.     To illustrate: Assignments three, six, seven and eight are grouped.     The third assignment is to the effect that the court had erred in its charge to the jury in that the court did not apply the law to the facts in the case, while the sixth, seventh and eighth assignments complain of the error of the court in refusing as many special charges requested by appellant covering the supposed omissions.     There is but one proposition submitted under these assignments, however, but that itself is so general as to compel an examination of the entire charge first complained of, as well as each of the

special charges refused, the proposition being that "where the court instructs the jury in general terms a party is entitled to have the law applied to the very facts constituting the cause of action or defense, provided he requests a correct special charge on the subject." And finally, no part of the charge complained of, nor of the special charges refused, is set out in the brief, nor is there any reference to the transcript where the same may be found. The same may also be said of assignments numbers ten and nine, which are grouped, the ninth itself complaining of the error of the court in refusing two special instructions.

We deem it unnecessary to cite authorities to support appellee's contention that such assignments are not sufficient to require a consideration at our hands. From the examination we have made, however, we conclude that we would overrule each of appellant's assignments if we were to consider them. Special charge No. 3 was erroneous in that it instructed the jury that when appellee's car was stopped, "it is (was) the duty of the conductor to see and know that no passenger is in the act of alighting, or is otherwise in a position which would be perilous by starting the car, and the failure of the conductor to observe these requirements of law would constitute negligence on the part of the company whose employe he was," while the duty imposed by law on appellee is that it, through its employes, will exercise the highest degree of care for the safety of its passengers. Special charge No. 4 is similarly erroneous in that it is introduced by the statement that "it is the duty of the conductor in charge of the car upon which plaintiff was a passenger to see and know that all passengers in the act of alighting had succeeded in doing so· in safety," etc. The fifth special charge, imposing upon appellee the duty of stopping its car so as to afford appellant an opportunity to alight, was not made by his pleadings, neither was such issue raised by the evidence.

The point sought to be made in assignments number ten and nine is that the court summarily instructed the jury in effect that appellant was guilty of contributory negligence, whereas the question should have been submitted to the jury as requested. The charge given is as follows: "If you believe from the evidence that on the occasion in controversy the plaintiff voluntarily stepped from said car, that he was not thrown therefrom, and that his foot did not become fastened in the step, then you will return a verdict in favor of the defendant." The charge is not fairly open to the criticism made, for if the jury should find, as therein instructed, that appellant was not thrown from the car and that his foot did not become fastened in the step, they necessarily would return a verdict for the defendant, for if these things were true appellant had no case. The only testimony upon which he could rely for a verdict as to the manner of the happening of the accident was his own and that of his wife. They both testified in effect that he was thrown from the car and that his foot became fastened in the step. So that if plaintiff did voluntarily step from the car and was not thrown therefrom, and his foot did not become fastened in the step, he has no just complaint at the verdict in appellee's favor. Special charges numbers

six and seven were substantially embraced in the main charge of the court except as to the issue of contributory negligence, which was not submitted at all and appellant can hardly complain of this omission.

Special charge No. 2, which forms the basis for assignment number five, sought to have the jury instructed upon the issue of discovered peril. While the charge itself was not strictly accurate as a charge on discovered peril, in that it predicated appellee's duty upon a knowledge by it through the conductor of appellee's "negligent conduct" instead of peril, and directed in favor of liability if the conductor's failure to exercise the proper care was "the immediate" instead of the proximate cause of appellee's injuries, yet under the facts of this case the court's main charge submitting appellee's case upon the theory that the conductor negligently started the car, or caused its speed to be accelerated, while he was on the step in the act of alighting, fully presented the case in its most favorable light to appellant.

The supplemental charge given by the court appears to be fairly responsive to the request made by the jury and the judgment in favor of appellee finds sufficient support in the testimony.

*Affirmed.*

Writ of error refused.