## GOODLEY v. NORTHERN TEXAS TRACTION CO.[†]

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1912. Rehearing Denied Feb. 3, 1912.)

1. APPEAL AND ERROR (§ 742*) — BRIEFS — SUFFICIENCY.

Assignments of error to instructions will not be considered, where they are grouped in appellant's brief, several propositions are submitted collectively, the instructions were upon different issues, and different questions of law are presented by the assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

In an action for injury to a traveler in a collision with defendant's street car, repetition of an instruction upon contributory negligence was not reversible error, where it does not appear probable that plaintiff was harmed thereby, and where one instruction presented a group of facts, supported by the evidence,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court March 27, 1912.

slightly different from those presented in the other instruction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1064.*]

3. TRIAL (§ 266*) — INSTRUCTIONS — WEIGHT OF SPECIAL CHARGES.

It was not error·to instruct that the special charges, given at defendant's request, were entitled to equal weight with the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 664–667; Dec. Dig. § 266.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by Joseph Goodley against the Northern Texas Traction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

L. M. Levy and Smith, Turner, Bradley & Powell, for appellant. Capps, Cantey, Hanger & Short, for appellee.

DUNKLIN, J. While driving on a public street in the city of Ft. Worth, Joseph Goodley was injured as the result of a collision between the buggy in which he was riding and a street car of the Northern Texas Traction Company. He instituted this suit to recover damages for the injuries thus sustained, and has prosecuted this appeal from a judgment in favor of the defendant.

[1] By the first assignment of error, complaint is made of four special instructions, numbered 1 to 4, inclusive, given at defendant's request, and by the second and third assignments error is assigned to two of the special instructions numbered 3 and 2, respectively. The first, second, and third assignments are grouped in appellant's brief, and eight propositions are submitted under all those assignments collectively. The special instructions were upon different issues, and different questions of law are presented by the assignments. This method of briefing is in violation of the rules; and hence appellee's objection to a consideration of those three assignments must be sustained. Evans v. Jackson, 41 Tex. Civ. App. 277, 92 S. W. 47; Lowrance v. Woods, 54 Tex. Civ. App. 233, 118 S. W. 551; Bryant v. Northern Tex. Trac. Co., 52 Tex. Civ. App. 600, 115 S. W. 880.

[2] Among other defenses urged against plaintiff's cause of action was an allegation that plaintiff was himself guilty of negligence proximately contributing to his injury. An instruction upon this issue was contained in the general charge, and a special instruction upon the same issue requested by the defendant was also given; and, by a proposition submitted under an assignment predicated upon this special instruction, the contention is made that this defense was unduly emphasized, and that in giving the special instruction reversible error was committed. The repetition of an instruction upon the same issue has often been condemned by

our Supreme Court; but such an error will not always require the reversal of a judgment. This question in every instance must be determined by the peculiar facts of each case. Traylor v. Townsend, 61 Tex. 144. There is nothing in this record to show probable harm to appellant by reason of the special instruction; and, besides, it presented a group of facts, supported by the evidence, slightly different from those presented in the main charge, and to the submission of which appellant was entitled. M., K. & T. Ry. v. McGlamory, 89 Tex. 635, 35 S. W. 1058.

[3] By the fifth assignment, complaint is made of the following special instruction, given at defendant's instance: "The special charges just given you at the request of the defendant are entitled to equal weight and consideration in considering the evidence and in arriving at your verdict as the main charge." It cannot be doubted that this instruction embodies a correct proposition of law, and we fail to perceive how it could be held erroneous. As special instructions are signed by counsel, we think such an instruction as this is not improper, as it removes all probability of a conclusion by the jury that the same is given rather as a matter of grace to the party requesting it than otherwise. The instruction criticised places no greater emphasis upon the other special instructions than upon the main charge. By it the jury are told that all the charges are entitled to equal consideration. The verdict is amply supported by the evidence; and hence the sixth assignment of error also is overruled.

The judgment is affirmed.