## BOONE v. MOORE. (No. 1383.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 14, 1922. Rehearing Denied
Jan. 11, 1923.)

1. Sales ⊙⇒87(1)—Extension of credit not presumed where title to personalty passes and part payment is made.

Where personal property was sold, and title thereto passed to the buyer, and part payment made, but there was no agreement as to when the balance of the purchase price was to be paid, it will be presumed that no credit was extended, and that the price was to be paid at the time the goods were delivered.

2. Limitation of actions ⊙⇒183(6)—Answer held to set up statute in bar of both of plaintiff's alternative demands.

Where personal property was sold and partly paid for, but there was no agreement as to when the balance was to be paid, and the seller set up two demands, one for the recovery of the property, and the other, in the alternative, for the purchase price, a plea of limitations "in bar of plaintiff's demands" constituted a pleading in bar of both of the demands, in the absence of special exception.

3. Pleading ⊙⇒93(4)—That defenses are inconsistent, and one of them shows that limitations have not run, immaterial.

Where defendant sued for a money demand set up the two-year statute of limitations, and also by special answer alleged that the balance due was not to be paid until defendant was financially able to do so, which had not yet occurred, it was no objection that the answer set up facts which affirmatively showed that the limitation had not run, since defendant had a right to set up inconsistent defenses.

4. Pleading ⊙⇒378—General denial imposes on plaintiff burden of proving facts necessary to recovery.

In an action in the alternative for the recovery of property and for the recovery of the purchase price, a general denial imposed upon plaintiff the burden of proving the facts necessary to recovery, notwithstanding a special answer that the balance was to be paid only when defendant was able to do so, and that such time had not arrived.

5. Evidence ⊙⇒271(14), 314(1)—Self-serving and hearsay statements by one not witness to contract held inadmissible.

In an action to recover the purchase price of personal property sold to plaintiff's husband, evidence by plaintiff that she told defendant that her husband did not knock off a part of the purchase price, and that she knew he did not do any such thing, was inadmissible; it not appearing that she was a witness to the contract, and the statements being self-serving and hearsay.

6. Witnesses ⊙⇒370(1) — Testimony affecting credibility of party held admissible.

In an action to recover personal property, or, in the alternative, for the purchase price thereof, evidence showing animosity on the

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

part of plaintiff to defendant was admissible as affecting credibility.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Amanda E. Moore against Margaret Boone. Judgement for plaintiff, and defendant appeals. Reversed and remanded.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

S. J. Isaacks and Isaacks & Lattner, all of El Paso, for appellee.

## Statement of Case.

HIGGINS, J. Mrs. Moore, appellee, brought this suit April 30, 1921, against Mrs. Boone, the appellant, to recover certain household and kitchen furniture situated in the Benson Hotel, in the city of El Paso, describing the same, alleging that on or about June 1, 1919, the same was delivered and accepted by the defendant to enable the latter to run the Benson Hotel, upon the understanding that same was to be redelivered to the plaintiff upon demand, and demand therefor had been made, and defendant had refused to deliver same.

On November 14, 1921, plaintiff filed, her first amended petition, in substance alleging that she was the only heir at law of T. J. Moore, who died July 11, 1920, and sole beneficiary under his will; that all property in the name of either of them belonged to the community estate; and that on or about June 1, 1918, she delivered to and the defendant accepted the household and kitchen furniture above described to enable defendant to run the Benson Hotel, with the understanding that the same was to be redelivered to the plaintiff upon demand; that demand had been made for its redelivery, and refused—and further alleged that, if she was mistaken in the foregoing allegations, then, in the alternative, on or about June 1, 1919, her said husband, T. J. Moore, and the joint community owner with plaintiff of said property, sold same to defendant for $3.750, the defendant agreeing to pay to T. J. Moore and plaintiff said sum with interest at the rate of 8 per cent. per annum, the payment of same being secured by mortgage upon the property; that defendant agreed to pay said sum within a reasonable time, the exact date plaintiff did not know, but that same was due and payable within two years from June 1, 1919; that $1,000 had been paid by the delivery of certain furniture, and the balance of $2,750 with interest remained unpaid, for which amount she sued with interest and for foreclosure of the mortgage.

Judgment was prayed for the recovery of the property, and, in the alternative, for the debt with interest and foreclosure.

To the amended petition the defendant answered by general and special exceptions, general denial, and special answer, setting up that the property described in the petition was sold and delivered to defendant by T. J. Moore on April 7, 1918, the defendant then paying $1,000 in other property then sold and delivered to Moore by defendant, and the defendant agreeing to pay the further sum of $2,000 as she was or might become financially able to do so; that she had not been and was not now financially able to make any further payment, but would pay the balance as soon as she was financially able. She pleaded a payment of $500 made to T. J. Moore on June 21, 1921, and further pleaded certain counterclaims aggregating $1,381 for room and board furnished the plaintiff and T. J. Moore, and for laundry paid and money loaned. The answer then set up:

"Defendant pleads statutes of limitation of two years in bar of plaintiff's demands; defendant says she has held adverse possession of property sued for over two years before this suit was filed, claiming same."

The answer prayed that the plaintiff take nothing, and that she have judgment for $1,-381.

The plaintiff filed supplemental petition, demurring generally and specially to the answer, and special pleas not necessary to detail.

The case was submitted upon special issues, as follows:

"Question No. 1: Do you find from a preponderance of the evidence that T. J. Moore, during his lifetime, sold and delivered to the defendant, Mrs. Margaret Boone, the furniture and business known as the Benson Hotel? Answer: Yes.

"Question No. 2: What was the consideration for such sale and delivery? Answer: $3,750.

"Question No. 3: Was it contemplated between the parties that Mr. and Mrs. Moore were to pay or account to Mrs. Boone for their board and lodging at the Benson Hotel? Answer: No.

"Question No. 4: What amount do you believe from a preponderance of the evidence would be a reasonable sum of money for the rent of the room in the Benson Hotel, while such room was occupied by T. J. Moore and the plaintiff, and while occupied by her, and for the board of plaintiff and T. J. Moore while they boarded with the defendant at the Benson Hotel, if they did so board with her; but this question not to cover any time prior to September, 1918, nor subsequent to any time after June, 1921. Answer: No remuneration.

"Question No. A: Do you find from a preponderance of the evidence that T. J. Moore, in the month of April, 1918, delivered to the defendant, Margaret Boone, the furniture and fixtures in the Benson Hotel, in El Paso, Tex., with the understanding and agreement that same would be redelivered to the said Moore upon demand? Answer: No."

The answers of the jury to the special issues are indicated above under each question.

The court thereupon rendered judgment for $2,652.08, it being recited in the judgment that the uncontradicted evidence shows that the defendant had paid the $1,000 in property as set up in the pleadings and the further sum of $500 on June 21, 1920, and that in April, 1920, the defendant had paid nurse hire in the sum of $20 for plaintiff, and in November, 1920, had loaned the plaintiff $20, which amounts should be deducted from the indebtedness due the plaintiff.

The defendant requested the court to file findings of fact and conclusions of law, upon which it based its judgment on the issues of fact and law not covered by the verdict and material in the case. Whereupon the court made findings of fact to the effect that the item of $500 above referred to had been paid to the deceased, Moore, and received by him as a partial payment upon the indebtedness, and that the evidence did not disclose any agreement as to when the consideration for the rooming house was to be paid. The conclusions of law were to the effect that the amount due for the property was payable at the time of delivery in April, 1918, and that the defendant's plea of limitation was not a sufficient plea to entitle the defendant to the benefit of either statute of limitation, not being specifically pleaded, and that the plaintiff was entitled to recover the amount of the judgment rendered. The defendant appeals.

Upon the trial it was shown that the personal property described in the petition was sold and delivered to appellant by T. J. Moore about April 15, 1918. At the time $1,000 of the purchase price was paid in personal property turned over to Moore. The evidence discloses that the price of the property sold and delivered by Moore was either $3,750 or $3,000. The evidence is wholly silent as to when the purchase price was agreed to be paid. While it was alleged by the plaintiff that it was payable in a reasonable time, and that a mortgage upon the property was given, there is no evidence to substantiate these allegations.

Opinion.

[1] Title to the property passed to the defendant at the time of the sale. In this state of the evidence the law presumes that no credit was extended, and the price was to be paid at the time the goods were delivered. Mechem on Sales (1st Ed.) §§ 538 and 1407. The appellant's contention that there is a variance between the pleading and proof is therefore well taken. Salinas v. Wright, 11 Tex. 572.

[2] Those assignments are also sustained which complain of the court's action in disregarding the defendant's plea of the two-year statute of limitation. In that connection it is asserted by the appellee that limitation was not pleaded against the court for the recovery of the purchase price, as the plea of limitation set up in the answer related only to the first count, which sought to recover the property itself; and, further, that, if the plea did apply to the action for the purchase price, it was fatally defective. But in this view we cannot concur. The plaintiff set up two demands: One for the recovery of the property, and the other in the alternative for the purchase price. The defendant's plea of limitation was "in bar of plaintiff's demands." This clearly meant that the statute was relied upon in bar of both of the asserted demands.

Since the plea applied to both demands it was sufficient, no special exception thereto being taken. Pitschki v. Anderson, 49 Tex. 1; Smart v. Panther, 42 Tex. Civ. App. 262, 95 S. W. 679; Evans v. Jackson, 41 Tex. Civ. App. 277, 92 S. W. 47; Ft. Worth v. Rosen (Tex Civ. App.) 203 S. W. 84; Id. (Tex. Com. App.) 228 S. W. 935; Wells v. Fairbank, 5 Tex. 582; Stiles v. Giddens, 21 Tex. 783; May v. Taylor, 22 Tex. 349; Black v. Drury, 24 Tex. 289; Powers v. Caldwell, 25 Tex. 352.

[3] Another proposition advanced by appellee upon the issue of limitation is that the answer sets up facts which affirmatively show that limitation has not run. The special answer, it is true, alleged that the balance of the purchase money was not to be paid until the defendant was financially able to do so, and that she had not been, and was not then, financially able to do so, but the defendant has the right to set up inconsistent defenses. Young v. Kuhn, 71 Tex. 645, 9 S. W. 860; Community, etc., v. Byrne (Tex. Civ. App.) 236 S. W. 1016.

[4] The general denial imposed upon plaintiff the burden of proving the facts necessary to recover. The allegations in the special answer would not relieve her of this burden, and were not admissible in evidence. Hynes v. Packard, 92 Tex. 44, 45 S. W. 562; Railway Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Peterson v. Graham-Brown Shoe Co. (Tex. Civ. App.) 210 S. W. 737; Hines v. Warden (Tex. Civ. App.) 229 S. W. 957.

[5] Error is also assigned to the court's action in permitting "plaintiff to testify in substance that she told defendant that her husband did not knock off $750 of the $3,750, and that she knew her husband did not do any such thing, it not appearing that she was a witness to the contract, and it being apparent that such statements were self-serving and hearsay." The objections to this testimony were well taken.

[6] The thirteenth and fourteenth assignments are all sustained, which complain of the exclusion of testimony. The testimony was admissible because it would show animosity on the part of plaintiff to the defendant and affects the credibility of her testimony. Evansich v. Ry., 61 Tex. 24; Briggs

v. Pratt (Tex. Civ. App.) 184 S. W. 735, at p. 736; Trinity v. Denham, 88 Tex. 203, 30 S. W. 856; Crews v. State (Tex. Cr. App.) 242 S. W. 211.

For the reasons indicated, the judgment will be reversed. Other assignments presented need not be considered, as the questions presented should not arise upon retrial.

Appellant asks that the judgment be rendered in her favor upon the issue of limitation, but the facts upon that issue have not been fully developed. From the record it is evident that upon retrial evidence can be adduced to affirmatively show when the purchase price was agreed to be paid.

In the exercise of the discretion vested, where the facts have not been fully developed, the judgment will not be rendered, but the cause is remanded for retrial. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17.

Reversed and remanded.