## HENRY A. BURROW v. CHAS. N. BROWN, ADM'R.

(Case No. 4892.)

1. RECORDING A JUDGMENT — EVIDENCE.— The purchaser of land under execution issued from a justice's court is not, in an action of trespass to try title, precluded from offering in evidence the unrecorded judgment of the magistrate. It is admissible to show the authority for issuing the execution.

2. DEED BY DEPUTY SHERIFF.— A deed assuming to convey property sold under execution, formal in other respects, and signed "E. E. Dunn, sheriff of Navarro county, by A. E. Miller, deputy," is admissible as evidence of title after showing judgment, without proof that the party signing himself as deputy was really a deputy sheriff. The burden of showing the contrary rests on him who denies it, since the law will presume the existence of the official character.

3. CONTINUANCE.— An application for continuance to procure testimony to support a title which, under the pleading, cannot be considered, should be overruled, and the court may properly look to the state of the pleading in passing on it.

4. CONTINUANCE — SURPRISE.— When a party to an action of trespass to try title desires information as to the character of his adversary's title, he should demand before trial an abstract thereof. If he fails to avail himself of this right, and goes into trial without requiring such abstract to be furnished him, he cannot afterwards complain of surprise on account of the evidences of title produced on the trial, when there has been no act or declaration of the opposing party calculated to mislead him.

5. SAME.— Much is left to the discretion of the judge trying a cause, in granting or refusing a continuance after the trial has begun; his action will not be cause for reversing a judgment, unless there has been a clear abuse of such discretion.

APPEAL from Navarro. Tried below before John H. Rice, Esq.

On the 18th of October, 1882, the appellee, as the administrator of David M. Brown, deceased, filed his petition in the district court of Navarro county, as an action of trespass to try title to recover a block of two and a half acres of land in the city of Corsicana.

After the court allowed the sheriff's deed to be introduced over the objections of the defendant's counsel, an application for continuance was made on the ground of surprise and the absence of Bryan T. Barry, residing in Corsicana, who wrote the deed and who was then sick at home, unable to attend court, stating no diligence could procure his testimony during the trial; "that plaintiff's decedent in his life-time, and his said administrator since, have always told defendant that no claim was set up to the land by virtue of said deed;" "that said land at said sale was actually paid for with affiant's own money, although the deed was taken in the name of D. M. Brown," all which affiant expected to prove by said Barry in effect and in substance through acknowledgments to said Barry by said D. M. Brown.

The court permitted plaintiff's counsel to read the judgment of a justice of the peace in the case of Gibson & Turner v. H. A. Burrow, without showing that it had been recorded. It was offered before the execution, and sheriff's deed based on it.

Judgment for plaintiff.

*Croft & Blanding*, for appellant, cited Pasch. Dig., arts. 4710, 5023; Thornton v. Murray, 50 Tex., 161.

*Beale & Autry*, for appellee, cited Russell v. Farquhar, 55 Tex., 355; R. S., 4520; Davis v. Rankin, 50 Tex., 279; Miller v. Alexander, 13 Tex., 506; and Towns v. Harris, 13 Tex., 512.

STAYTON, ASSOCIATE JUSTICE.— The judgment in favor of Gibson & Turner was offered solely for the purpose of showing the authority to issue the execution under which D. M. Brown bought the property in controversy, and, to render it admissible for that purpose, it was not necessary that it should have been recorded. The deed to D. M. Brown was made by the deputy sheriff, who made the sale under the execution. This was done in the name of the sheriff by his deputy.

It is not claimed that the deed was not executed by the person by whom it appears to have been executed; but it is claimed that the deed was not admissible without proof that the person who executed it was a deputy sheriff.

The law recognizes the existence of such officers as sheriffs and deputy sheriffs, and it is not necessary for persons who offer in evidence instruments executed by them in the course of their official duties, to prove that they were the officers in fact and in law which in their acts they profess to be. 1 Greenleaf, 83, 92; 50 Tex., 279; R. S., 4520. The law presumes that such persons have the character which their acts import, and the burden of showing to the contrary rests upon the person who denies it.

The judgment in favor of Gibson & Turner, the execution under it, and the returns thereon, together with the sheriff's deed to D. M. Brown, proved title in Brown, that judgment being against the appellant; and the appellee was not required to make any further proof to entitle him to recover.

The title which the appellee claimed to have acquired through the sale made under the trust deed to Church, trustee, was acquired after the institution of this suit, and ought not to have been considered at all; and as the evidence for which a continuance was

sought related to that title alone, the court did not err in refusing to grant it, however sufficient the application may have been in other respects. Disregarding that title, the appellee was entitled to recover upon the other title shown by him.

If there be any equities between the parties growing out of any matter connected with the deed of trust executed to Church by the appellant, or out of the payment of the debt which it was given to secure, they are open to adjustment by the parties, and are not affected by the judgment in this cause.

Other questions raised in reference to that trust deed, and the debt secured by it, need not be considered, as they cannot affect the result of this suit.

The judgment is affirmed.

                                                         AFFIRMED.

[Opinion delivered May 29, 1883.]


ON REHEARING.

STAYTON, ASSOCIATE JUSTICE.— In the former consideration of this case, there was a misapprehension as to the intended application of the testimony for which a continuance was sought, but it is not perceived that the court erred in overruling the motion. The application was not made until after the trial had commenced and evidence was introduced. It is claimed that the appellant was not aware that the deed from the sheriff would be read in evidence. Its existence seems to have been known, and at the time the suit was instituted it was the only evidence of title in the intestate. The deed from the trustee was made subsequent to the institution of the suit, and it could not have been expected that it would be introduced in evidence in a suit instituted before it had an existence.

If the appellant was in doubt as to the title upon which the appellee would rely, or if he desired information upon that subject, he could have called for an abstract of the title upon which the plaintiff intended to rely, and this would have given him full information.

When a person has full means of knowing what testimony will be used against him, and fails to avail himself of such means, and goes into trial without it; in the absence of some act or declaration by the adverse party which misled or was intended to mislead him, he cannot well complain that he was surprised, for his own want of diligence contributes to the result.

It does not appear that the witness had even been summoned, that he was expected to be present, nor how long he had been sick.

If his illness had continued for any considerable time, his deposition should have been taken, or some showing made why that was not. done.

The application was irregular, coming as it did after the trial had commenced, and in such cases much is left to the discretion of the judge trying the cause; and in a case in which it is not clearly shown that an abuse of that discretion has occurred, this court will not reverse a judgment for the refusal of the district court to grant. a continuance. It is not shown that such discretion was abused in this case.

The other grounds for rehearing are based upon the proposition that it is incumbent upon a plaintiff, in a suit of trespass to try title, to go behind the common source and deraign title from the sovereignty of the soil. This question is so well settled, not only by adjudicated cases, but by express statute, that it is not necessary further to consider it. R. S., 4802. .

The motion for rehearing is overruled.

OVERRULED.

[Opinion delivered June 22, 1883.]