## CITY OF BEAUMONT v. TOM J. RUSSELL.

### Decided June 17, 1908.

**1.—Homestead—Assessment for Street Improvement—Case Distinguished.**

In a suit to collect an assessment against a homestead in a city, in accordance with an ordinance passed by the city council, for the purpose of improving the street upon which the property abutted and to foreclose a lien upon the homestead, evidence considered, and held to justify the judgment of the trial court refusing to foreclose a lien upon the homestead, on the ground that the assessment was not a tax as that term is used in the Constitution authorizing the sale of the homestead for the non-payment thereof. Kettle v. City of Dallas, 35 Texas Civ. App., 632, distinguished.

**2.—Same—Benefits—Conclusion of Fact by Council—Case Distinguished.**

By the provisions of a city charter, the finding of fact by the city council, after citation and hearing, that the special benefits accruing to property exceeded the charges assessed against it for paving the adjacent street, was made conclusive against the owner. Held, that such finding if not conclusive was at least prima facie evidence of the fact so found, and in the absence of evidence tending to show that such finding was not correct, an objection that said provision in the charter was unconstitutional, will not be considered. Hutcheson v. Storrie, 92 Texas, 685, distinguished.

**3.—Same—Limitation—Evidence.**

A city charter provided that if an assessment for street improvement was not paid within thirty days after it became due, suit should be filed for the same. Evidence considered, and held insufficient to sustain a plea of two years' limitation in a suit for the tax.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Marvin Scurlock,* City Attorney, and *L. B. da Ponte,* for appellant.

*Tom J. Russell, in pro. per.*

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellant against appellee to recover the sum of $1,024.52, together with interest and attorney's fees, said principal sum being alleged to be due for paving and curbing streets in the city of Beaumont upon which property owned by appellee abuts, and to foreclose a lien for said sum upon said abutting property, which is fully described in the petition.

The defendant answered by general and special exceptions, and gen-

eral denial, and by special plea, in which it is alleged that the property upon which the lien was claimed by appellant was defendant's homestead, and therefore not subject to the lien sought to be enforced thereon. The answer also contains a plea of limitation of two years against plaintiff's cause of action.

The trial in the court below was without a jury, and resulted in a judgment in favor of plaintiff for the amount sued for, with interest and attorney's fees, and in favor of defendant that no lien for said amount existed upon defendant's property because of its homestead character.

The following is an agreed statement of the facts upon which the judgment of the court below was rendered:

"1.   Plaintiff is a municipal corporation, and at and before the levy of the taxes sued for was operating under a special charter granted by the Twenty-sixth Legislature, chapter 12, of the Special Laws of said Legislature, approved May 12, 1899, as amended by chapter 15, Special Laws of the Twenty-eighth Legislature, which became a law April 21, 1903, which Acts are referred to and made a part hereof, and shall be looked to and considered by the lower and appellant courts without the necessity of the same being set out in the statement of facts or transcript on appeal.

"2.   That on the 7th day of October, 1903, the city council of Beaumont regularly passed an ordinance levying and assessing a tax upon all property fronting and abutting on Calder avenue within said city, between Pearl and Gulf streets, one-third of the costs of paving and all the cost of curbing. That is, assessing one-third of such cost against the owners on each side of the street, making two-thirds to be paid by the two abutting owners, and the balance of the cost of paving to be paid by the city, except the tracks of the Beaumont Traction Company, it being required to pave between its tracks and for twelve inches on either side of the rails. That the lots of land on which said tax was assessed are fully described in the ordinance, together with the number of feet in such lot, name of the owner, and proportionate share of the cost of paving and curbing to be paid for by such owner, as shown by the roll prepared by the city engineer of the city of Beaumont.

"3.   That on the 2d day of December, 1903, the city council of Beaumont regularly passed another ordinance levying and assessing a tax upon all property fronting and abutting on Magnolia avenue, between Calder avenue and Long street, within said city, levying and assessing against the abutting owners two-thirds of the costs of paving and all the costs of curbing; that is, one-third of such costs against the abutting owners on each side, the balance of one-third to be paid by the city, except the tracks of the Beaumont Traction Company, which company was required to pay the cost of paving between its rails and for twelve inches in either side. That the lots of land on which said tax was assessed are fully described in said ordinance, together with the name of the owner, front feet, cost of paving, linear feet of curbing, cost of curbing and total cost of paving and curbing.

"4.   That prior to the passage of the aforesaid ordinance and levy of said taxes the city council of the city of Beaumont, in regular session, adopted a resolution, the material portions of which are as follows:

" 'Whereas, The city council of the city of Beaumont deem it necessary to pave the following named streets, to wit: Calder avenue from Pearl to Gulf streets. . . . Magnolia avenue from Calder to Long street' . . . 'Therefore be it resolved, by the city council of the city of Beaumont, 1st: That the following streets within said city be paved, to wit: Magnolia avenue from Calder to Long avenue; . . . Calder avenue from Pearl to Gulf street. That the material to be used in paving said streets shall be vitrified brick or asphalt, the determination of the material to be made when the bids for the work on the above material shall be opened.

" 'That the owners of the lots . . . fronting or abutting upon the streets so designated shall pay two-thirds of the costs of such improvements, according to the number of fronting or abutting feet. Said property owners to pay for all curbing, as provided by the charter of the city of Beaumont.'

"Then follows a section providing for the street railways to pave their tracks.

" 'That the plans and specifications for the paving of the hereinbefore mentioned streets prepared by the city engineer and approved by the board of public works are hereby approved by the city council.'

"The last section provides for the mayor to advertise for bids.

"That the city engineer had duly prepared the plans and specifications for said improvements and delivered the same to the board of public works, and the same were approved by that board, who so reported to the council, and the said report and said plans and specifications were duly adopted.

"5. That thereupon the mayor of the city of Beaumont advertised for bids, and bids were received, as provided by the charter, and were opened, and the contract was awarded to the lowest and best bidder, and Thurber or vitrified brick was selected and designated by the council for the pavement, and brick for curbing, and the contractor duly entered upon the performance of the contract, and completed and finished his contract for said paving and curbing on or about the —— day of ——, and the job was duly accepted and paid for by the city council.

"6. It is further agreed that the bids for the work having been received and opened, and the cost of the improvements ascertained, the city engineer prepared a roll describing the lots, stating the name of the owner, the number of front feet in such lot fronting on the streets to be improved, the proportionate amount of the cost of the improvement to be borne by such owner of abutting property, the streets occupied by the street railway and the amount or proportion of the cost to be borne by such railway.

"7. It is agreed that the defendant was, at the time of the levy of said taxes, a citizen of the city of Beaumont, and that he owned at said time, and for a long time prior thereto, and ever since, lots 15 and 16 of block 4 of the Calder Addition to the city of Beaumont, fronting 100 feet on Calder avenue and 140 feet on Magnolia avenue, and within the district designated by the city council for the improvement of said streets. That said lots were included in the roll of the city engineer and in the said ordinances, and were assessed to the defendant, and the

Vol. LI. Civil—23.

cost of the Calder avenue paving so assessed against said defendant, in accordance with the manner prescribed by the city charter, was $401.88, and the curbing $74.10, aggregating $475.98, and the cost of the paving on Magnolia avenue so assessed and ascertained was the sum of $450, and for the curbing $98.48.

"8.    That after the completion of the said roll, and including the defendant's property therein, the same was delivered to the city secretary, and thereupon the city secretary issued two notices to the defendant relating to the assessment on Calder and Magnolia avenues, of which the following is a copy:

" 'Mr. Tom J. Russell:    You will take notice that the city council of the city of Beaumont, by ordinance duly passed on the 6th day of May, 1903, ordered the paving of Calder street in the city of Beaumont, said paving to be of Thurber brick, or shell concrete with brick curbing. That the proportionate cost of said improvement on the 100 feet, lots Nos. 15 and 16, block No. 4, being 185 2°10 square yards of paving, is $401.88, and for 114½ lineal feet of curbing is $73.42, making a total cost to be paid by you for the improvement on said street on which your property fronts or abuts $475.30.    And you are hereby cited to be and appear before the Honorable City Council of the city of Beaumont at the regular meeting thereof, to be held on the 21st day of July, 1903, to show cause, if any, why the amount of the cost to be apportioned to you for said improvements shall not be levied and assessed as a tax upon the herein described property.    W. A. Ives, City Secretary of the city of Beaumont, by J. G. Sutton, Deputy.    Beaumont, Texas, July 8, 1903.'    'Came to hand this 14th day of July, 1903, and executed the 15th day of July, 1903, by delivering to Tom J. Russell a true copy of this writ.    J. H. Stewart, City Marshal of the city of Beaumont, by Charles E. Ligon, Deputy.'

"That the notice relating to the assessment of Magnolia avenue was duly given, and is the same in terms except the figures, which figures are the same as those hereinbefore stated with reference to the assessment for Magnolia avenue paving and curbing.

"9.    It is further agreed that afterwards the defendant appeared before the city council, and the following findings were made by said council, to wit:

" 'At a regular adjourned meeting of the city council of the city of Beaumont, held August 12, 1903, the mayor and a quorum of aldermen being present, Mr. Tom J. Russell, the owner of lots 15 and 16 in block 4 of the Calder Addition to the city of Beaumont, appeared in person before the city council to show cause why the amount of costs apportioned to said owner should not be levied and assessed as a tax upon the above described property.    The petition of the said Tom J. Russell setting forth the objections thereto was read, and the evidence having been heard and fully understood by the city council, it is considered by the council that the objections, and none of them, are sustained; and the city council of the city of Beaumont further finds that the costs apportioned will not materially and substantially exceed the special benefits accruing to said property by said paving, but that the special benefits accruing to said property by the said paving will exceed the cost appor-

tioned against said owner and to be levied and assessed as a tax on the above described property, and the city council so finds."

"10.   It is further admitted and agreed that sections 2 and 3 of the ordinances assessing the said tax for the paving and curbing of Magnolia and Calder avenues provide as follows:

" 'Section 2.   That the said tax so levied and assessed shall become due and payable upon the completion of the paving upon which the portions of said streets on which said lot  . . .  abuts.'

" 'Section 3.   That the amount of the tax hereby levied and assessed, together with the cost of collecting the same ·and ten per cent. interest per annum from the date same is due is hereby declared a lien against the said lots,  . . .  and shall be a personal charge against the owner  . . .  thereof.'

"11.   It is further admitted that at the time of, and long prior to the passage of the aforesaid ordinances and the proceedings had thereunder assessing the tax, and ever since up to the present time, the defendant resided on said property as his homestead, and the same was, and still is, the homestead of the defendant from July 4, 1890, up to date.

"12.   For the purpose of simplifying the questions involved, it is further agreed that all of the proceedings taken by this city council, by virtue of its charter, was regular, and in accordance with said charter; that the work was let according to the charter and ordinances, and that all things were regular."

In the case of Higgins v. Bordages, 88 Texas, 458, our Supreme Court decided that an assessment for street improvements, not made in accordance with the Constitution and laws regulating the levy and assessment of ad valorem taxes, was not a tax, as that term is used in section 50, article 16, of the Constitution of this State exempting the homestead of a family from forced sale for the payment of any debt except for the purchase money thereof, taxes due thereon, or work and material used in constructing improvements thereon, and therefore no lien could be enforced against the homestead to secure the payment of such assessment.   Under this decision the trial court properly held that appellant had no lien upon the property of appellee to secure the payment of the assessment sought to be recovered in this suit.

The case of Kettle v. City of Dallas, 35 Texas Civ. App., 632, relied on by appellant, does not sustain the contention that a lien can be enforced against a homestead to secure the payment of an assessment of this kind.   In the Kettle case the tax levied against the homestead for street improvement purposes was an ad valorem tax, and was levied and assessed in accordance with the provisions of the Constitution and laws regulating the levy and assessment of such tax, and was, therefore, a tax for which the homestead might be sold under the provisions of the Constitution before cited.

This disposes of the only assignment of error presented in appellant's brief.

Under cross-assignment appellee assails the judgment against him for the amount of said assessments on the grounds, first, that it does not appear that the benefit accruing to his property by reason of the improvement of the street was equal to the amount of the assessments made against him for such improvement and second, that plaintiff's

cause of action for the recovery of said assessments was barred by the statute of limitation of two years.

Neither of these objections to the judgment can be sustained. After due notice the appellee appeared before the city council, and there was a hearing by the council upon the issue of whether the proportion of the cost of the improvements assessed against him, as shown by the report of the city engineer, exceeded the special benefit accruing to his property by reason of such improvement of the streets. Upon this hearing the council found that the value of the special benefit to appellee's property exceeded the assessment made against him. Under section 36 of the charter of the city of Beaumont, before referred to, this finding is made conclusive against appellee. If appellee's contention that the Legislature had no authority to provide, in said charter, that the finding of the city council upon this issue should be conclusive, is sound, such finding is at least *prima facie* evidence of the fact so found, and appellee, not having offered any evidence showing or tending to show that the assessment exceeds the value of the special benefit to his property, his objection to the judgment on that ground can not be sustained.

The assessment which was held invalid in the case of Hutcheson v. Storrie, 92 Texas, 685, was made under the provisions of a city charter which did not require the city council to determine before the assessment was made that it did not exceed the special benefit to the property, and there was no such finding by the council in that case. It was therefore held by the Supreme Court that the assessment was *prima facie* illegal, and the property owner, in a suit to enjoin its collection, was not required to show that it exceeded the value of the special benefit to his property caused by the improvement. We think the case cited is easily distinguished from the one we are now considering.

The record does not sustain appellee's contention that the suit was not filed within two years after appellant's cause of action accrued. The original petition and citation had been lost, and the evidence introduced on the subject shows that the suit was filed *about* January 22, 1906. Under the ordinance levying the assessments they became due and payable when the improvements were completed in front of the property upon which such assessment was made. The date upon which the improvements were completed in front of appellee's property is not fixed more definitely than that it was sometime in the month of December, 1905. Section 36j of the charter of the city of Beaumont provides that, if such assessment is not paid within thirty days after it becomes due, it shall be the duty of the city attorney to institute suit therefor. Under this provision of the charter no suit could have been maintained against appellee if brought in less than thirty days after the assessments became due, and limitation did not begin to run against the city until its right to sue had accrued. The facts, as before stated, fail to show that appellant's cause of action accrued more than two years before the filing of this suit, and therefore the plea of limitation is not sustained.

None of the assignments show any error in the judgment of the trial court, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.