CITY OF FT. WORTH, for Use of ROACH-MANIGAN PAVING CO., v. ROSEN.
(No. 8722.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 16, 1918. On Motion for Rehearing, March 23, 1918.)

1. APPEAL AND ERROR ☞837(1)—CONTINUANCE ☞47 — MATTERS REVIEWABLE—AFFIDAVITS.

Affidavit used in answer to a motion to postpone a hearing may be considered by the trial court, and the appellate court may look to the supporting affidavits to determine whether the trial court erred in overruling the motion.

2. APPEAL AND ERROR ☞931(4) — FINDINGS OF FACT—PRESUMPTIONS.

In overruling a plaintiff's motion to withdraw announcement of ready for trial, the court must be presumed to have found in favor of defendant's contention as contained in his affidavit in answer thereto.

3. LIMITATION OF ACTIONS ☞51(2)—DEFAULT IN INSTALLMENT—ACCRUAL OF ACTION.

Where paving certificate payable in installments, and city charter, provide that all installments shall become due on default of one installment, where one installment is in default, but is paid, limitations start to run as to the others from the default.

4. LIMITATION OF ACTIONS ☞180(2), 183(1)—PLEADING.

No special form is prescribed for a plea of limitations, and such defense may be made by plea, or, in case the petition on its face discloses the accrual of the statutory period, by special exception.

5. LIMITATION OF ACTIONS ☞185—PLEADING—SUFFICIENCY.

A plea that plaintiff's cause of action, if any, having accrued more than two years before suit. and defendant pleads the two-year statute of limitations, was good as against a general demurrer, and sufficient basis for evidence of failure on defendant's part to pay an installment until it was in default, on a paving certificate which became wholly due on default in payment of one installment.

6. CONTINUANCE ☞29—SURPRISE.

A litigant must be prepared to prove such issues of fact as he might reasonably foresee from the nature of the case, and is not entitled to withdraw announcement of ready for trial on the ground of surprise as to such matters, in the absence of any misleading acknowledgment or declaration of the adverse party.

7. CONTINUANCE ☞29—GROUNDS—SURPRISE.

One suing on a paving certificate is held chargeable with notice of a stipulation in such certificate, and the city charter, that such certificate became wholly due on default on one installment, and cannot claim surprise, where defendant introduces evidence under a general plea of limitations to show that an installment was paid after due date.

8. LIMITATION OF ACTIONS ☞13—ESTOPPEL TO PLEAD.

Parties by their acts, not evidenced by any writing, may estop themselves from setting up the statute of limitations.

9. APPEAL AND ERROR ☞966(2) — OVERRULING MOTION FOR CONTINUANCE—ABUSE OF DISCRETION.

Where the affidavits of the very witnesses relied on by a party to show that defendant was

estopped to set up the statutes of limitations were before the court in entering judgment, it will not be said, as a matter of law, that the court abused its discretion in overruling a motion for continuance, especially in a court case.

On Motion for Rehearing.

10. MUNICIPAL CORPORATIONS ☞519(1) — LIENS—STATUTES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5695 (Acts 33d Leg. [1st called Sess.] c. 27, § 1), relating to renewal and extension of liens, in view of Const. art. 3, § 35, does not apply to a paving certificate and also because in referring to "either of the foregoing articles," strictly speaking, the two preceding articles only were meant.

11. APPEAL AND ERROR ☞671(2) — MATTERS REVIEWABLE—RECORD.

Although record does not contain original petitions in consolidated actions, where transcript contains agreement that only the amended petitions and answers shall be included, and plaintiff's motion to withdraw its announcement of ready for trial stated "suit was instituted February 19, 1915," it cannot be said there was not sufficient showing of the time of commencement of the action to warrant the appellate court in holding the action barred by limitations.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by the City of Ft. Worth, for the use of the Roach-Manigan Paving Company, against Sam Rosen. Judgment for defendant, and plaintiff appeals. Affirmed.

Chas. Kassel, of Ft. Worth, for appellant. Flournoy, Smith & Storer, of Ft. Worth, for appellee.

BUCK, J. This is an appeal from a judgment of the district court sustaining a plea of limitation to the cause of action set forth in plaintiff's petition. City of Ft. Worth, for the use of Roach-Manigan Paving Company, sued Sam Rosen on two paving certificates issued by the city of Ft. Worth on November 26, 1912, and carrying a lien against certain real estate described in said certificates. It appeared from the petition that the amount assessed was payable in three equal installments, the first due in thirty days after date of the certificates, the second in one year, and the third in two years after date, and that each certificate contained a provision that failure to pay any installment when due should mature all deferred payments, and it appeared from the petition that the first installment had been paid. Defendant, among other defenses, set up a formal plea of the two-year statute of limitation. The cause was tried before the court without the aid of a jury, and judgment was rendered for the defendant on his plea of limitation. The cause was tried on October 3, 1916, but judgment was not rendered until November 29, 1916. The judgment recites as follows:

"Thereupon the respective parties read their pleadings and offered their evidence, and it was the judgment of the court, after due consideration, that the defendant was entitled to a judgment in his favor on the plea of the statute of limitation filed by him, whereupon plaintiff's counsel requested time for the preparation of a brief upon the law questions involved in said matter, and such time was accordingly granted, and decision was held pending the submission and consideration of such brief. Be it remembered that thereafter, on the 20th day of November, 1916, the plaintiff in said causes filed his certain motion to withdraw his announcement of ready for trial and to postpone the hearing of said case upon various grounds fully set forth in said motion, accompanied by the affidavit of J. W. Morris and Charles Kassel, and on the same date the plaintiff filed its certain motion for leave to file nunc pro tunc its supplemental petition in reply to the pleadings of defendant upon various grounds more fully set forth in said motion, and tendered in connection with said motion, and attached as an exhibit thereto the supplemental petition in question, and at the same time submitted to the court its brief referred to in earlier paragraph of this judgment. Thereupon, on this the 29th day of November, 1916, the said respective motions came on for hearing as preliminary to a final decision by the court of this cause, and thereupon plaintiff and defendant appeared by their respective attorneys, and the plaintiff tendered to the court in connection with its motion to withdraw its announcement of ready for trial and to postpone the hearing of the case the additional affidavits of R. E. Brown and Charles Kassel, filed on the 27th day of November, 1916. Thereupon, after a full consideration of said respective motions, it is the judgment of the court that both of said motions should be overruled, and the same is accordingly done, to which action of the court the plaintiff excepted in open court, and tendered his respective bills of exception. Thereupon the court heard further argument with regard to the decision of the case upon its merits, and, after being fully advised, is of the opinion that the plaintiff would be entitled to recover as prayed for but for defendant's plea of limitation as made in his first amended original answer, which plea is sufficient and well founded in law and in fact; and it is therefore ordered, adjudged, and decreed that said plea of limitation be sustained, and that the defendant go hence without day in each of said causes, and recover of plaintiff therein all costs in this behalf by him expended, to which judgment of the court the plaintiff in open court excepted and gave notice of appeal."

From this judgment, the plaintiff has appealed.

[1, 2] The evidence showed that the first installment, due December 26, 1912, was paid by check of appellee, dated March 1, 1913, but that the check was actually delivered to the agent of Roach-Manigan Paving Company prior thereto, and passed through the Clearing House at Ft. Worth on February 15, 1913. There seems to be no evidence in the statement or facts as to when this check was delivered or issued. There is an affidavit of Sam Rosen, filed in support of defendant's answer to plaintiff's motion to withdraw announcement of ready and postpone the trial of the case which motion was filed November 20, 1916, and in this affidavit Rosen stated that the check was given by him on February 12, 1913, and was postdated to March 1st thereafter, and that he (Rosen) requested, and the agent of the paving company agreed, that said check should not be presented for payment before its due date, but that the paving

company failed to carry out the agreement, and that said check was paid through the Clearing House on February 15, 1913. It will be noted that whether the payment be held to have been made either on February 12th, when the affidavit of Rosen states the check was issued, or on February 15th, when it passed through the Clearing House, or on March 1st, the date of the check, that such payment was made after maturity of the first certificate. But appellant argues that neither the trial court nor this court can look to the affidavit of Rosen, in the connection in which it was used, as evidence of the date when the check was in fact issued and delivered, and that therefore, the record being silent as to the date of delivery, the presumption obtains that payment was made at the maturity of the first installment, and that there was no default shown in the payment of the first installment. We are of the opinion that this contention is more ingenious than sound. The affidavit of Rosen, in which the statements with reference to the date of the issuance of the check were contained, was attached to and used in support of the controverting answer of defendant to plaintiff's motion to withdraw its announcement of ready, and to postpone the hearing. In this proceeding the trial court had the right to consider the affidavits pro and con. Therefore, in determining whether the trial court erred in overruling plaintiff's motion, this court may properly look to the supporting affidavits used by each party. One of the material questions of fact to be passed upon by the trial court in the determination of this motion was, Was the payment of the first certificate made after maturity, so as to constitute a default? Hence the date of the issuance of this check became an important issue. In overruling plaintiff's motion the court must be presumed to have found in favor of defendant's contention as contained in his affidavit.

While there are some 21 assignments in appellant's brief, yet we believe the material questions involved may be limited to 3 to wit: (1) Is the provision contained in the charter of the city, and also in the certificates sued on, to the effect that a failure to pay any installment when due shall mature all installments unpaid, binding alike on the creditor, or holder of the certificate, and the debtor? Or is this stipulation one entirely for the benefit of the creditor, and one that may by him be waived without reference to the consent or concurrence of the debtor? (2) Was defendant's plea of limitation sufficiently full, in the absence of a special exception, to warrant evidence of a default in the first payment, and the consequent acceleration of the period of limitation as to the deferred payments to establish said plea? (3) Did the trial court err in overruling plaintiff's motion to withdraw announcement of ready and to postpone the hearing of the cause?

[3] The first question suggested is one

about which there has been some contrariety of opinion and conflict of authority. In Angell on Limitations (6th Ed.) p. 103, § 111, it is said:

"But where a sum is payable by installments, and there is a stipulation that, upon default, all shall become due, the statute runs as to the whole demand from the time of default made"— citing the leading English case of Hemp v. Garland, 3 G. Dav. 402, 4 Q. B. 519.

In 1 Wood on Lim. (2d Ed.) p. 360, § 126, the author states the rule to be as laid down in Hemp v. Garland, supra, but rather protests against the soundness thereof. The text says:

"It might be argued, however, that this [the holding in Hemp v. Garland] is at variance with the well-known rule that no one is obliged to take advantage of a forfeiture, a point which does not appear to have been noticed in the argument, and which is entitled to considerable weight in such cases. It would seem, upon a fair application of the last-named rule, that the debtor by his default put himself in a position where his creditor might, if he elected to do so, take the whole debt as due; but it seems somewhat unreasonable to say that he thereby compels the creditor to treat the whole debt as due, so that the statute is, even against the creditor's will, put in motion to defeat his claim. The doctrine of the case referred to would also seem to favor forfeitures, whereas, it is usually held that they are odious in law"—citing Banning on Lim. 26.

In Gilsonite Const. Co. v. Coal Co., 205 Mo. 49, 103 S. W. 93, the Supreme Court of Missouri, in a case involving a paving certificate, decided that the period of limitation as to subsequent installments was not shortened, against the creditor's will, by reason of the default in an earlier installment. But the holding in this case, while broad in terms, is somewhat restricted as an authority by reason of the fact that the Kansas City charter, there under consideration, contained provisions not found in the Ft. Worth charter. See, also, Burnes v. Ballinger, 76 Mo. App. 58. But our own Supreme Court on certified question in San Antonio Real Estate B. & L. Ass'n v. Stewart, 94 Tex. 441, 61 S. W. 386, 86 Am. St. Rep. 864, after discussing the question fully, and citing authorities supporting both views, has adopted the rule of construction laid down in Hemp v. Garland. Hence, irrespective of what our opinion might be as to the law were the question an open one, we are bound by the announcement of the law as there presented. Therefore we must answer the first question hereinabove mooted in the affirmative; i. e., that the stipulation in the certificate and charter mentioned is binding upon the creditor, without the privilege to him of an election.

We will next consider the question of the sufficiency of defendant's plea of limitation to authorize the proof of a default in the first installment (though subsequently paid), and whether the judgment sustaining such plea on such proof was authorized. No question was raised below or urged here that the two-year statute of limitation applies to a cause of action predicated, as here, on a certificate issu-

ed by a municipal corporation for paving, where no contractual obligation is alleged on the part of the defendant to pay the amount specified in the certificate. The authorities hold that said statute does apply. O'Connor v. Koch et al., 9 Tex. Civ. App. 586, 29 S. W. 400; Glover v. Storrie, 18 Tex. Civ. App. 6, 43 S. W. 1035; Tex. Bith. Co. v. Henry, 197 S. W. 221. The plea in the instant case is as follows:

"Defendant further alleges that plaintiff's debt, if any they have, against this defendant for said alleged paving of Twenty-First street is barred by the two-year statutes of limitation, plaintiff's said cause of action, if any they have or had, having accrued more than two years before this suit was filed, and defendant pleads the two-year statute of limitation in bar of any recovery therein."

No exception was leveled at the form of this plea; nor was any objection made to the admission of the evidence as to the time of payment of the first installment. In fact appellant's counsel frankly admits in his brief that he did not anticipate, until the argument to that effect had been made by counsel for appellee, that the contention would be made that the payment of the first installment after maturity established a default and put into operation the statute of limitation. No request was made at the time to delay the hearing, on the ground of surprise. The first time such request was formally made was some six or seven weeks thereafter, to wit, November 20, 1916, when plaintiff's motion for leave to withdraw announcement of ready and to postpone the hearing was filed. It is true that in appellant's bill of exception No. 1 it is stated:

"That on the 3d day of October, 1916, the above cause [there being originally two suits which were consolidated] came on for hearing, a jury having been waived and all matters of fact and of law having been agreed by the parties to be submitted to the decision of the court, and thereupon came the plaintiff and defendant by their respective attorneys and announced ready for trial and the pleadings were read and the evidence submitted. At the conclusion of the evidence counsel for plaintiff stated to the court that he did not know that the defendant expected to contend to the first installment of the assessment sued upon had been paid after its maturity, and that by reason thereof the entire assessment became due so as to require suit thereon within two years after the maturity of the first installment, but stated that, notwithstanding this, and under the evidence actually developed, he believed the plaintiff entitled to a judgment, and asked for time in which to prepare and file a brief for the consideration of the court showing that limitation did not apply, which leave was granted. Some two or three days thereafter counsel for plaintiff stated to the court that after the trial of the case he had discovered upon the certificates of special assessment an indorsement extending the maturity of which he had not been aware at the time of the trial, and with regard to which it would be necessary to make investigation, and that he might find it necessary to file a motion for leave to withdraw his announcement of ready for trial in the cases and ask for a postponement of the hearing thereof, but that even in this event he would present none the less on the main case."

[4] But no action of the court is here shown to have been invoked, and no actual request for withdrawal of announcement of ready and to postpone, on the ground of surprise, was made. The only request was that time be allowed plaintiff's counsel to prepare a brief of authorities. Indeed, the claim of surprise and the request for postponement seem to have been urged only after the diligent efforts of able counsel for appellant failed to find legal authority, satisfactory even to himself, to present to trial court, to sustain the contention that under the facts in evidence judgment should be rendered for the plaintiff. No special form is prescribed under the law for a plea of limitation. Such a defense may be made by plea, or, in case the petition on its face discloses the accrual of the statutory period, by special exception. Hopkins v. Wright, 17 Tex. 30, 35; Hudson v. Wheeler, 34 Tex. 356; Alston v. Richardson, 51 Tex. 1. See form of plea suggested in Sayles' Texas Pleading with Forms (1893) § 263a, p. 358.

[5] We are of the opinion that, as against a general demurrer only, the plea filed by defendant below was sufficient as a basis for limitation, and that such evidence of the failure on defendant's part to pay the first installment at maturity was admissible as tending to establish such plea and defense. Evans v. Jackson, 41 Tex. Civ. App. 277, 92 S. W. 47. We have examined the cases of Oswald v. Giles, 178 S. W. 677, Glasscock v. Hamilton, 62 Tex. 143, Cunningham v. Frandtzen, 26 Tex. 35, and other cases cited by appellant; but we are of the opinion that the conclusion reached by us upon this issue is not by conflict with the holding in these cases.

[6, 7] Was plaintiff entitled, as a matter of law, at the time his motion was filed, and on the ground of surprise, to withdraw his announcement of ready and have the cause postponed? A litigant must be prepared to prove such issues of fact as he might reasonably foresee from the nature of the case, and, in such cases, cannot withdraw his announcement and obtain a continuance, except where the issue which arises is one not of a nature to have been foreseen. Ins. Co. v. Coalson, 22 Tex. Civ. App. 64, 54 S. W. 388, affirmed 93 Tex. 644, no opinion. One having full means of knowing what testimony will be used against him, who goes to trial without taking measures to ascertain it, is not entitled to a continuance on the ground of surprise, in the absence of any misleading acknowledgment or declaration of the adverse party. Burrow v. Brown, 59 Tex. 457. Plaintiff below must be held chargeable with notice of the stipulation in his certificate, which constituted the basis of his cause of action and the provision in the charter, under the authority of which paving had been done. It was not claimed, below nor is it here, that either defendant

or his counsel made any positive statement or committed any affirmative act tending to cause plaintiff or its counsel to be led into the belief that the defendant would not take advantage of any defensive proof, which might be made under this plea of limitation. In the affidavit of Charles Kassel, counsel for appellant, in support of its motion, the following language is used:

"Mr. Storer [counsel for defendant below] then told me that they also claimed the suit was barred by limitation, and I asked how he arrived at that, in view of the fact that I was only suing on the second and third installments, and suit was brought within two years from the time the second installment became due; and he said I had all the papers, and that he didn't know when the suit was filed, but that if I would investigate I would probably find that I was out of court on limitation. I looked upon the clerk's file docket later, and saw that I had brought my suit within two years from the time the second installment was due, and dismissed the idea of limitation applying to the case from my mind. I did not know until the defendant testified that he claimed to have made his first payment after it was due. * * * I did not know or have the slightest information until the testimony of defendant came out on the stand that it would be claimed by him that the payment in question was made after it became due, and that by reason thereof the entire assessment fell due, and I did not plead surprise when this came out and ask leave to withdraw my announcement of ready, because I did not know what good could be accomplished by such a course as the old Roach-Manigan Company was dispersed, its employés scattered, its records gone, and all I had available was the information I could secure from W. C. Pope. After the matter was taken under advisement by the court, it occurred to me that defendant might have been absent from the state during the period for a sufficient length of time to destroy the plea of limitation, if it was otherwise good."

There was attached also to plaintiff's motion the affidavit of R. E. Brown, which was, in brief, to the effect that during 1912, he was in the employ of the paving company and performing the duties of assistant bookkeeper and cashier and assisting in the collections; that he talked with appellee more than once over the phone after the payment of the first installment, and that the latter told him he wanted to see his attorneys first, and that the paving company delayed putting the matter into the hands of its attorneys for suit in order that the defendant might see his attorneys; that later defendant came into the paving company's office and told affiant to go ahead and sue. Counsel for appellee filed his affidavit in connection with appellant's motion to withdraw announcement of ready, and also the affidavit of appellee and his bookkeeper S. Kaufman, and the affidavit of defendant states that no one representing the plaintiff came to him after he paid the first installment and requested him to make payment of balance due; that he never stated to any one that he wanted to consult his attorneys in regard to the matter, and, in fact, did not consult attorneys until after the suit was filed. In the

affidavit of J. Walter Morris attached to plaintiff's motion, affiant states that he was in the employ of the paving company, and that he talked with Mr. Rosen several times; he did not remember whether the first conversation was before or after the first installment was due; that Mr. Rosen complained that the paving had damaged his property instead of helping it, and that some one had sent him a deed to a strip of land abutting on the street where the paving had been done, and that he had placed it on the record without thinking that this would make him liable for the paving; that the Belt Railway Company had moved its tracks from the middle of the street in front of his property, and thereby caused an undue pro rata of the paving to be assessed against him and his property; that the defendant asked him not to bring any suit until he could consult with his attorneys and have them investigate, etc.; that finally Rosen gave a definite date when he would give an answer on the subject; that on that date he (Rosen) told Morris that his attorneys had passed on the matter for him, and advised him not to pay, and accordingly the paving company was at liberty to bring the suit any time it saw fit; that soon thereafter the suit was placed in the hands of the company's attorney.

[8, 9] It would appear from the record that the most that can be said is that the affidavits supporting the motion to withdraw were in the direction of establishing an estoppel against the defendant to plead the statute of limitation. That parties by their acts, not evidenced by any writing, may estop themselves from setting up the bar of the statutes is well established under the authorities. B. & L. Asso. v. Stewart, 27 Tex. Civ. App. 299, 65 S. W. 665, writ of error denied. 17 R. C. L. § 240, p. 881 et seq., but the affidavits of the very witnesses relied on by the plaintiff below to establish the fact showing an estoppel were considered by the trial court in entering judgment, and we do not feel justified in holding as a matter of law that the trial court abused his discretion in overruling the motion to withdraw and postpone or the motion for leave to file an amended petition setting up the plea of estoppel, etc. This conclusion on our part is fortified by the fact that these questions of fact raised by the motion and answer and the affidavits attached to the respective pleadings were considered and determined by the tribunal to which the plaintiff and defendant elected to submit matters of fact as well as of law, a jury not having been requested at any stage of the proceedings.

We believe what we have said hereinabove sufficiently disposes of all of the assignments, without taking them up and discussing them seriatim. Hence all assignments are overrul-

ed, and the judgment of the trial court is in all things affirmed.

Affirmed.

CONNER, C. J., not sitting.

## On Motion for Rehearing.

BUCK, J.    [10] We are of the opinion that article 5695, Vernon's Sayles' Tex. Civ. Stats. as amended by the 33d Leg. 1913, First Called Sess. p. 39, does not affect the question of limitation involved in this suit. In the first place, the caption of the amended article precludes the idea that such was the purpose of the Legislature. Said caption reads as follows:

"An act to amend article 5695, Revised Civil Statutes of Texas, 1911, as amended by chapter 123, Acts of the Thirty-Third Legislature, relating to the renewal and extension of liens that are secured by deeds of trust, mortgages or original vendor's lien on real estate, and providing that said article shall hereafter read as follows, and declaring an emergency."

Three classes of liens are mentioned, to wit, deeds of trust liens, mortgage liens, and vendors' liens. Certainly the character of lien here sought to be fixed cannot be held to come within any one of these classes. It is a statutory lien and in the nature of a tax lien, for the municipality's power of assessment is based upon the theory of benefits conferred upon the property assessed. 1 Page & Jones on Taxation by Assessment, p. 16; 37 Cyc. 712, 713.. Since no purpose is expressed in the caption of the above bill to extend liens other than those mentioned, a construction of the act which would seek to have it include liens other than those mentioned would be violative of article 3, § 35, of the state Constitution. In the second place, article 5695, before amendment and since, refers to the debts mentioned "in *either* (emphasis ours) of the foregoing articles," etc. Strictly speaking, "either" refers to one of two things mentioned. Standard Dict. The two foregoing articles, to wit, articles 5693 and 5694, refer to and treat of deeds of trust or mortgage liens and vendors' liens. Therefore it may be reasonably said that the intention of the Legislature was to include in the purport and operation of the amended article only the classes of liens mentioned in articles 5693 and 5694. It further appears that said two last mentioned articles refer to causes of action against which the four-year statute of limitation is a bar. Not the two years statute. It has been held as to an assessment lien like this that the two-year statute applies. O'Connor v. Koch, 9 Tex. Civ. App. 586, 29 S. W. 400; Glover v. Storrie, 43 S. W. 1035; Beaumont v. Russell, 51 Tex. Civ. App. 351, 112 S. W. 950; Tex. Bith. Co. v. Henry, 197 S. W. 221. Hence we are of the opinion that article 5695, as amended by the Thirty-Third Legislature will not operate to extend the lien in this case. Nothing said in Denman v. Savings Association (No. 8744) 200 S. W. 1109, recently decided by this court, not yet officially published, was intended to express any views in conflict with the conclusion set forth hereinabove.

[11] It is further claimed that we erred in holding that appellant's cause of action was barred, because the record does not include the original petitions filed in the two suits which were later consolidated, and that there is no evidence as to when these suits were filed. The transcript contains an agreement that only the amended petitions and answers shall be included. In plaintiff's motion to withdraw its announcement of ready and postpone the hearing it is stated that "suit was instituted February 19, 1915." The certificates were dated November 26, 1912. One installment was due 30 days thereafter, which was the installment claimed to have been paid in February, after maturity, and the default in which payment upon maturity set in motion limitation.

It is insisted that the certificate here declared on contains stipulations, and the charter of Ft. Worth contains provisions inconsistent with the conclusion that it was intended that upon nonpayment at maturity of any installment the entire debt should become due. We considered these provisions and stipulations on original hearing, and concluded that in the face of the positive stipulation in the certificate contained, based on the charter provision to the same effect, we were not authorized in concluding that such stipulation did not require the maturity of all unpaid installments upon default in payment of any one. We were further of the opinion that, merely because the decision in Building & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S. W. 386, 86 Am. St. Rep. 864, cited in our opinion, was predicated upon a stipulation in a contract prepared by the party which sought to evade the running of the statute did not justify us in distinguishing this case from that.

Appellant's counsel calls our attention to language contained in our original opinion which he feels may, unintentionally on our part, be construed by some as an implied criticism of counsel for one or both parties. In using the language there was, of. course, no such intention, for every member of this court has the utmost confidence in the personal honor and professional integrity of counsel for both parties. But for fear that the expression used may convey an unintended suggestion, we will have withdrawn from the published opinion the language to which our attention is called. We have carefully considered appellant's somewhat lengthy motion, and the able insistent argument thereon, yet we do not find ourselves able to disturb the judgment rendered. The motion for rehearing is overruled.

Motion overruled.