## ABE ROBERTS v. THE STATE.

### No. 5065.  Decided June 5, 1918.

**1.—Perjury—Stenographic Report—Statement of Facts—Rule Stated**

Ever since the passage of the Act of 1909 amending the act with reference to stenographic reports and with reference to statement of facts, it is required that the latter is in narrative form and not in question and answer form.  Following Stephens v. State, 77 Texas Crim. Rep., 30, and other cases.  Besides, if said statement of facts be considered there is no reversible error.

**2.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of perjury, if the statement of facts is considered, the evidence sustained the conviction, there is no reversible error.

**3.—Same—Continuance—Motion for New Trial—Statement of Facts.**

A statement of facts containing the evidence upon motion for new trial must be filed during the term of the court, however, when the evidence is considered, there was no reversible error.  Following Reyes v. State, 196 S. W. Rep., 532.

**4.—Same—Oath Administered to Jury.**

Where the appellant claimed that the court committed an error in permitting the district clerk to swear orally that the jury was organized to try the

issue in the case in which the alleged false testimony was given and that the record was the best evidence, but the record on appeal showed that the judgment of the court in the former case was introduced in evidence and showed that the jury was regularly and legally organized, etc., there was no error; besides, oral testimony was admissible. Following Watson v. State, 24 Texas Crim. App., 237, and other cases.

### 5.—Same—Court Stenographer.

Upon trial of perjury, there was no error in permitting the court stenographer to testify as to what defendant had testified to in the trial in which the perjury originated.

### 6.—Same—Leading Question—Evidence.

Where the question to witness was not leading, but even if it had been, the bill of exceptions was insufficient to point out the error, there was no error. Following Carter v. State, 59 Texas Crim. Rep., 74.

### 7.—Same—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of perjury, at least two witnesses testified that defendant swore to the material testimony upon which the perjury was based and by many more witnesses that defendant's testimony was false, there was no error in the court's failure to submit the requested charges to acquit the defendant.

### 8.—Same—Argument of Counsel.

Where the State's attorney did not go outside of the record in his argument there was no reversible error.

Appeal from the District Court of San Augustine.    Tried below before the Hon. W. P. Davis.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevenson & Anderson,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of perjury and assessed the lowest punishment.

Appellant's attorneys have filed a lengthy and forcible brief, which has had due consideration.

Prior to 1909 the stenographer's Act authorized the stenographic report of the proceedings and testimony in question and answer form to be sent to this court as a statement of facts. After that law had been in effect for some time and this court had seen the workings of it, in Baird v. State, 51 Texas Crim. Rep., 322, said: "The Legislature should pass an amendment to the present stenographer's law and require a narrative form of statement of facts to be prepared by counsel. This would save an enormous amount of unnecessary work to this court." In 1909 the Legislature did amend said law and require the statement of facts to be in narrative form and prohibited it to be in question and answer form. Ever since the passage of this latter Act this court has uniformly struck out and refused to consider a statement of facts unless in

narrative form.   Hargrave v. State, 53 Texas Crim. Rep., 147; Essary
v. State, id., 596; Brown v. State, 57 Texas Crim. Rep., 269; Kemper
v. State, id., 355; Choate v. State, 59 Texas Crim. Rep., 266; Hart
v. State, 67 Texas Crim. Rep., 497; Criner v. State, 71 Texas Crim.
Rep., 369; Stephens v. State, 77 Texas Crim. Rep., 30; Ferguson v.
State, 202 S. W. Rep., 733-734; Kitchens v. State, 203 S. W. Rep., 768,
not yet published.

In this case the stenographer made out a report of the case which is
made up largely of the questions and answers of the various witnesses
who testified, of a great many objections made by appellant to various
matters, and of the remarks and rulings of the court and of the remarks
of the prosecuting attorney, none of which matters should have been
contained in any statement of facts and which are in direct violation
of the statute prescribing how a statement of facts should be made.

The Assistant Attorney General has made a motion to strike out and
not consider the purported statement of facts because of the condition
of the stenographer's report, which should be granted and said purported
statement of facts should be struck out and not considered.

However, the said report of the stenographer has been carefully read,
and even if it could be considered as a statement of facts, none of the
appellant's assignments of error which are presented by various bills
of exceptions show any error.

Appellant was indicted, as stated, for perjury growing out of his al-
leged false material testimony given by him in the trial of the case of
the State against Will Clay, Jr.; tried in the District Court of Rusk
County.   The proof, if we could consider the statement of facts, with-
out question shows that appellant testified in the trial of said Clay case
falsely as alleged in the indictment herein.   The falsity of his testi-
mony, which was material in said Clay case, was proven by several wit-
nesses introduced by the State, and also by others introduced by appel-
lant in this trial.   The evidence was amply sufficient in every particular
to sustain the verdict of the jury and his conviction.

When the case was called for trial appellant made a motion for a con-
tinuance or postponement, claiming that he was sick and unable to stand
trial at that time.   Before acting upon this motion the court heard tes-
timony thereon.   At some time during this hearing appellant said: "We
want to reserve an exception to this inquiry going on in the presence of
the jury."   At that time evidently no jury had been impaneled.   Appel-
lant's bill does not otherwise state, although it may be inferred from
his objection, that some of the venire may have been present.   The bill
in no way indicates that in making up the jury later any of the veniremen
were asked anything about whether they heard said proceedings or tes-
timony, and no objection is shown to have been made to any juror be-
cause of any prejudice against him in any way aroused by said inquiry.
The bill does not state what testimony was introduced nor give the tes-
timony of any witness at all heard on this inquiry.   In said purported

statement of facts the first four pages of it purports to give the testimony of two witnesses only, doctors, both introduced by the appellant himself, but this testimony is not agreed to, as the testimony which was introduced on that occasion, by the attorneys for either side, nor is it any way approved by the court as a statement of facts heard by him on that hearing. Besides, it was filed in connection with said purported statement of facts nearly three months after the adjournment of the court for the term, so that it can not be considered for any purpose. The action of the court in hearing the testimony on the motion for a continuance and then overruling the motion must be presumed to have been clearly justified, and it doubtless was, by the facts and circumstances heard by the judge at the time. Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532, and cases there collated.

Appellant has another very meager bill wherein he merely claims that the court committed an error in permitting the district clerk to swear orally that the jury was organized to try the issue in the case of the State against said Will Clay, Jr. And another defective bill wherein he objected to the clerk swearing that R. E. Buckner was his deputy clerk at the time of the trial of said Clay case. And another like defective bill in permitting said Buckner to testify that he was such deputy district clerk before, at the time of, and subsequent to, the trial of said Clay case. Neither of these bills claim that no other testimony was introduced to prove by the records all of these facts to which he was objecting to the witness testifying orally, and as each is presented no error is shown. But if we could look to said purported statement of facts, each and every one of these facts were proven by the introduction of the record itself. The judgment of the court in the Clay case was introduced which showed specifically that the jury was regularly and legally organized to try, and did try said Clay. And the record of the appointment, affidavit and bond of Mr. Buckner as deputy clerk was also introduced showing that he was truly and legally deputy district clerk prior, at the time, and subsequent to, the trial of the Clay case. But even if the said records had not been introduced in evidence the oral testimony objected to was admissible anyway. Watson v. State, 24 Texas Crim. App., 237; Hardin v. State, 40 Texas Crim. Rep., 208; De Lucenay v. State, 68 S. W. Rep., 796; Kennedy v. State, 19 Texas Crim. App., 618; Thompson v. State, id., 593; Burrough v. Brown, 59 Texas, 457.

The State introduced the court stenographer who was, and acted as such, in the trial of the said Clay case, who testified over appellant's objection to what appellant herein testified on that trial. This court holds that his testimony was admissible. See some of the cases cited in 1 Branch's Ann. P. C., sec. 81.

The court did not err in permitting the State to ask, and the witness S. M. Davis to testify what the appellant swore in the trial of said Clay case as shown by his bill No. 20. The question asked the witness was not a leading question. 1 Branch's Ann. P. C., sec. 157, and cases

cited. But even if it had been, the bill is insufficient to show any error in the court's permitting it to be asked and answered. Carter v. State, 59 Texas Crim. Rep., 74, and other cases cited by Mr. Branch in said section 157 and in section 159.

The court did not err in refusing appellant's instruction to peremptorily require the jury to find him not guilty. Nor in refusing his instruction that the evidence in the case only presented oath against oath and to acquit him if they found that such was the case. At least two witnesses swore without contradiction that appellant testified to the material testimony upon which the perjury charged was based and it proved by several witnesses, probably as many as five or six, that his said testimony was false.

His only other bill is to the argument of· the district attorney. It shows no error. The argument made was based, without doubt, on the testimony legally introduced on the trial.

So that even if we could consider the purported statement of facts and all of appellant's bills, none of them show any reversible error. But with the statement of facts struck out and not considered, then none of his bills could be considered. In either contingency, no reversible error is shown and the judgment is affirmed.

*Affirmed.*