## CITY OF CISCO v. VARNER.  (No. 454.)

Court of Civil Appeals of Texas. Eastland.
May 8, 1928.

Rehearing Denied July 13, 1928.

1. **Limitation of actions ⬢11(3)—Assessment for paving streets and alleys held not "tax," within Constitution and laws preventing running of limitations.**

Assessment against property for proportionate cost of paving streets and alleys, which it abutted, held not "tax," within meaning of Constitution and laws of state, such as would prevent running of statute of limitations against municipal corporation, suing landowner to enforce claim and alleged lien securing it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax—Taxation.]

2. **Limitation of actions ⬢34(7)—City's right to enforce against abutting property, claim for paving streets and alleys for which no certificate had been issued, brought after some seven years, held barred (Rev. St. 1925, art. 5526, subd. 4).**

City's right to enforce claim and alleged lien for paving streets and alleys against abutting property, some seven years after last charge of proportionate costs was assessed against prop-

erty, held barred by two-year statute of limitations (Rev. St. 1925, art. 5526, subd. 4), where paving certificates evidencing indebtedness were never issued, nor writing made acknowledging the claim, in view of Const. art. 16, § 50.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Lucile Dowdy Varner and husband against the city of Cisco, with cross-action by the defendant. From the judgment, defendant appeals. Affirmed.

Butts & Wright, of Cisco, for appellant.
Owen & Owen and W. H. McDonald, all of Eastland, for appellee.

LESLIE, J. This suit was brought by appellee, Lucile Dowdy Varner, et vir, to cancel a lien assessed against her property by the city of Cisco to pay the proportionate costs assessed against the property for paving streets and alleys on which the property abuts; the contention of the appellee being that at the time the paving was done and the assessment levied the property in controversy was the homestead of Mrs. Nannie J. Dowdy, the grandmother of appellee, and under whom appellee claims title. Appellee also interposed a plea of two and four years' limitation against the right of the appellant to enforce the claim asserted in its cross-action.

The appellant, City of Cisco, by assignments presents three questions for consideration by this court:

(1) Was the property in controversy the homestead of Mrs. N. J. Dowdy at the time the assessments for street improvements were levied and the paving done, in the meaning and sense that it was exempt from forced sale under the Constitution and statutes governing homestead rights?

(2) Were the assessments levied and made in compliance with the statutory requirements, so as to make them valid and to constitute a lien on the property?

(3) Whether the appellant's demand is barred by the statute of limitation.

The facts giving rise to the first question are substantially these: The grandmother of the appellee owned the property in question in her separate right during the existence of the marriage relation between herself and husband, which relation was later dissolved by divorce. Thereafter she continued to make the same use of the property for the benefit of herself and two minor children, who grew to maturity, married, and established homes of their own, separate and apart from their mother, who occupied this property thereafter alone for some 13 years, and until her death, January 26, 1921, prior to which time, and while she occupied the property alone, the improvements in question were made and the

acts done which give rise to the claim asserted by the city of Cisco in its cross-action.

The question as to whether the property owned and occupied by an unmarried woman (divorced from her husband), having no other constituent member of the family residing with her, ceases to be a homestead and becomes unprotected as such from forced sale, presents a perplexing question, which we find it unnecessary to answer, since the conclusions we have reached with reference to the question of limitation are necessarily decisive of this appeal.

[1] The assessment for the local improvements in question is not a tax, within the meaning of the Constitution and laws of this state, such as would prevent the running of the statute of limitation against a municipal corporation, suing to enforce, as against an abutting landowner, a claim and an alleged lien securing the same. Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770.

[2] As noted, the alleged cause of action accrued prior to the death of Mrs. Dowdy, which occurred on January 26, 1921. The assessments to cover the proportionate costs of the paving chargeable against the property were made October 27, 1919, and July 12, 1920. The work had been completed at the date of her death. This suit was filed June 21, 1927, and the cross-action July 1, 1927. The pleadings present, and, as found by the trial court, the testimony sustains, the plea of limitation interposed by the appellee to appellant's cross-action, setting up the alleged charge against the property for said improvements. No paving certificate evidencing the indebtedness asserted was ever issued, nor is it claimed that Mrs. Dowdy or any other owner of the property executed a contract, note, or other writing, creating or acknowledging the claim sued on.

Under these facts and circumstances, the question of limitation is controlling, and in this character of claim, where it is sought to recover the cost of paving and improving streets in the manner indicated, the statute of two years' limitation applies, as may be seen from the following authorities: Constitution of Texas, art. 16, § 50; R. S. art. 5526, § 4; O'Connor v. Koch, 9 Tex. Civ. App. 586, 29 S. W. 400; Glover v. Storrie, 18 Tex. Civ. App. 6, 43 S. W. 1035; City of Beaumont v. Russell, 51 Tex. Civ. App. 351, 112 S. W. 950; City of Fort Worth v. Rosen (Tex. Civ. App.) 203 S. W. 84; Id. (Tex. Com. App.) 228 S. W. 933; Lovenberg v. Galveston, 17 Tex. Civ. App. 162, 42 S. W. 1024; Eubank v. City of Forth Worth (Tex. Civ. App.) 173 S. W. 1003.

The plea of limitation is an effective and complete bar to appellant's right of recovery herein, and renders it unnecessary that further consideration be given to the other questions suggested by the assignments in the record.

The judgment of the trial court is affirmed.